UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURE CAM, LLC, a Wyoming limited liability company,<br><br>    Plaintiff,<br>v.<br><br>HANWHA INTERNATIONAL CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 2:18-CV-14471<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Secure Cam, LLC ("Plaintiff") brings this complaint against Hanwha International Corporation ("Defendant"). As its complaint against Defendant, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under 35 U.S.C. § 271 for infringement of United States Patent No. 6,698,021 ("the '021 Patent").

**THE PARTIES**

2. Plaintiff Secure Cam, LLC, is a Wyoming limited liability company having a principal place of business at 30 N. Gould St. STE R, Sheridan, WY 82801.

3. Defendant Johnson Controls Security Solutions, LLC is a Korean company having a principal place of business at 300 Frank W. Burr Blvd, Suite 52, Teaneck, New Jersey 07666.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

5. This Court has personal jurisdiction over the Defendant because, *inter alia*, it resides in the State of New Jersey; regularly conducts business in the State of New Jersey; and continues to commit acts of patent infringement in the State of New Jersey including by making, using, offering to sell, and/or selling Accused Products within the State of Jersey and this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant is subject to this Court's personal jurisdiction because, *inter alia*, Defendants have committed and continue to commit acts of patent infringement including making, using, offering to sell, and/or selling Accused Products in this district, and/or importing Accused Products into this district; Defendant has a principal place of business in this judicial district, and Defendant employs personnel in this judicial district.

## FACTS

7. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,698,021 ("the '021 Patent"), entitled "System and Method for Remote Control of Surveillance Devices," which was duly and legally issued on February 24th, 2004 by the United States Patent and Trademark Office ("USPTO").

8. A copy of the '021 Patent is attached to this Complaint as Exhibit A.

9. The claims of the '021 Patent are valid and enforceable.

### COUNT I: CLAIM FOR PATENT INFRINGEMENT
### UNDER 35 U.S.C. § 271(a) ('021 PATENT)

10. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. Claim 43 of the '021 Patent covers "a video surveillance and monitoring system, comprising a private network that enables communication with surveillance cameras corresponding to geographic sites, wherein at least two surveillance cameras correspond to geographically distinct sites; and a centralized off-site control site, including at least one server, said at least one server being coupled to said private network and to a public network, said at least one server being operative to initialize communications between the surveillance cameras and at least one off-site client workstation coupled to said public network, to coordinate the retrieval of video images from all said surveillance cameras, to produce said retrieved video images as live images to the at least one off-site client workstation, and to enable off-site client workstations to effect real-control over selected surveillance cameras, wherein the off-site client workstation cannot initialize communication with the surveillance cameras."

12. Defendant manufactures, imports into the United States, offers for sale, and/or sells surveillance camera systems, which infringe at least Claim 43 of the '021 Patent (hereafter "Accused Product(s)").

13. Defendant's Accused Product(s) include, without limitation the SSM Enterprise system.

14. A claim chart comparing Claim 43 of the '021 Patent to the Accused Product(s) is attached as Exhibit B.

15. The Accused Product(s) includes a video surveillance and monitoring system. See Exhibit B, p. 1.

16. The Accused Product(s) includes multiple network cameras that generate video data. See Exhibit B, p. 2 - 3.

17. The Accused Product(s) includes multiple cameras that are located at multiple

sites. See Exhibit B, p. 4.

18. The Accused Product(s) include cameras that generate live video data. See Exhibit B, p. 5.

19. The Accused Product(s) include cameras that are operable to receive zoom instructions. See Exhibit B, p. 6.

20. The Accused Product(s) include cameras that are located at multiple, different sites. See Exhibit B, p. 6.

21. The Accused Product(s) include a server system that distributes video streams from the camera to clients and sends video data to client devices and sets up group policy for systems. See Exhibit B, p. 8.

22. The Accused Product(s) include a remote workstation that requests video data from one or more cameras and controls the one or more cameras remotely. See Exhibit B, p. 10 – 13.

23. The Accused Product(s) allows access to the cameras only if permission is granted by the centralized control site upon successful log-in. See Exhibit B, p. 14.

24. Each one of the elements included in the Infringing System, itemized in paragraphs 15 – 23 above, is an element in Claim 43 of the '021 Patent.

25. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '021 Patent.

26. As a direct and proximate result of Defendant's infringement of the '021 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

  A. In favor of Plaintiff that Defendant has infringed one or more claims of the '021 Patent, either literally or under the doctrine of equivalents;

  B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '021 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

  C. For such other and further relief, as may be just and equitable.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated:  September 28, 2018

Respectfully submitted

/s/Stamatios Stamoulis
Stamatios Stamoulis #SS7949
 stamoulis@swdelaw.com
Richard C. Weinblatt #5080
 weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

Todd Y. Brandt *(Pro Hac Vice pending)*
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Secure Cam, LLC***